UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RICKY ASHLEY                                                                                        PETITIONER
ADC #099718


V.                                        NO. 4:20-CV-00203-SWW-JTR

DEXTER PAYNE, Director,
Arkansas Division of Correction,
Arkansas Department of Correction                                                RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Petitioner Ricky Ashley ("Ashley") is incarcerated in the Arkansas Department of Correction's Maximum Security Unit. On February 26, 2020, he initiated this § 2254 habeas action, in which he challenges his 2018 conviction, 2019 parole revocation, and sentence received in *State v. Ashley*, Saline County Circuit

Court No. 63CR-2018-578 ("*Ashley I*").[1]  Doc. 2.  Before addressing Ashley's habeas claims, the Court will review the procedural history of this case in state and federal court.

On July 12, 2018, Ashley was charged in Saline County Circuit Court with first degree battery and being a felon in possession of a firearm.  *See* Online Docket, *Ashley I*.

On August 16, 2018, Ashley pleaded guilty to the felon in possession charge in exchange for 60 months of probation and a time served sentence.  *Id*.  The first degree battery charge was *nolle prossed*.  *Id*.[2]

On February 5, 2019, the State filed a petition to revoke Ashley's probation because he failed to report to his probation officer on two occasions, and failed to pay his supervision fees, fines, and court costs.  *Id*.

On July 3, 2019, Saline County Circuit Judge Gary Arnold ("Judge Arnold") conducted a probation revocation hearing.  Based on the evidence, he found Ashley guilty of violating the conditions of his probation.  Doc. 2 at 71-110.

On July 11, 2019, Judge Arnold held a sentencing hearing during which he sentenced Ashley to 180 months in the ADC.  *Doc. 7-2 at 47-48*.  On the same day

---

[1] The court docket is accessible online at https://caseinfo.arcourts.gov/cconnect.

[2] Ashley's habeas papers also allude to *State v. Ashley*, Saline County Cir. Ct. Case No. 63CR-2018-233-2.  However, because all of the charges in that case were *nolle prossed*, it cannot support any habeas claims.  *See State v. Ashley*, Saline County Cir. Ct. Case No. 63CR-2018-233-2, Order of *Nolle Prosse* (August 27, 2018) (accessible at https://caseinfo.arcourts.gov/cconnect).

this sentence was imposed, Ashley filed a Notice of Appeal with the Saline County Circuit Clerk. In this Notice, he stated that he was appealing his conviction and sentence to the Arkansas Supreme Court. *Doc. 2 at 58*.

On July 12, 2019, the day *after* Ashley filed his Notice of Appeal, the trial court entered the Sentencing Order. *Id. at 14-16.*[3]

On July 23, 2019, Ashley filed a *second* Notice of Appeal with the Saline County Circuit Clerk. This time, Ashley stated he was appealing his conviction and sentence to the Arkansas Court of Appeals. *Doc. 2 at 39*.

On September 6, 2019, Ashley filed a § 2254 habeas action in the Eastern District of Arkansas, challenging his 2018 conviction, 2019 probation revocation, and sentence. *Ashley v. Payne*, No. 4:19-cv-624-SWW/JTR (E.D. Ark.) ("*Ashley II*").

On October 2, 2019, Judge Arnold entered an Order granting the "Motion of the Court Reporter," to extend the deadline for filing the appellate record in *Ashley I* from October 11, 2019, to January 11, 2020. *Doc. 2 at 42*.

Sometime later, Ashley submitted a third Notice of Appeal in *Ashley I*, which he mailed directly to the Clerk of the Arkansas Supreme Court. On December 5, 2019, the Office of the Criminal Justice Coordinator for the Arkansas Supreme Court

---

[3] "A notice of appeal . . . before the entry of the judgment or order shall be treated as filed on the day after the judgment or order is entered." Ark. R. App. P. -Crim. 2(b)(1). Thus, Ashley's initial Notice of Appeal to the Arkansas Supreme Court was deemed to be filed on July 13, 2019.

3

sent Ashley a letter acknowledging receipt of the Notice of Appeal, but advising him that: (1) the Notice of Appeal must be filed with the Saline County Circuit Clerk (something Ashley had already done); and (2) he must then "tender the certified appeal record . . . to the Clerk of the Supreme Court in a timely manner." *Ashley II at doc. 27*; *see Sullivan v. State*, 301 Ark. 352, 784 S.W.2d 155 (1990) (per curiam) (responsibility to timely lodge record belongs to appellant, even if *pro se*, indigent and incarcerated).[4]

On January 10, 2020, the Saline County Circuit Clerk tendered the appellate record in *Ashley I* to the Clerk of the Arkansas Court of Appeals. *See* Letter from Saline County Circuit Clerk, *Ashley I* (only accessible online at https://caseinfo.arcourts.gov/cconnect). This was one day *before* the January 11, 2020 deadline established by Judge Arnold's Order granting *the court reporter's* motion for an extension of time to lodge the appellate record in *Ashley I*. *See Doc. 2 at 42*.

In a letter dated January 13, 2020, the Office of the Criminal Justice Coordinator for the Arkansas Supreme Court advised Ashley that the Clerk of the Arkansas Court of Appeals had declined to lodge the appellate record because it was tendered more than ninety days after Ashley filed his Notice of Appeal on July 23,

---

[4] The Notice of Appeal that Ashley mailed directly to the Clerk of the Arkansas Supreme Court is not part of the record in this case. The only evidence in the record that Ashley filed this third Notice of Appeal is the Criminal Justice Coordinator's December 5, 2019 letter to Ashley. *Ashley II at doc. 27*.

2019. *Doc. 2 at 40.*[5] According to the letter, because the "court reporter," *not Ashley*, had filed the motion to extend the ninety-day deadline for lodging the record, Judge Arnold's October 2, 2019 Order granting that motion was "not an *effective* order" under Ark. Rule App. P.-Crim 4(a).[6]

Finally, the letter advised Ashley that:

> If you wish to pursue the appeal, you may file in the Arkansas Court of Appeals a motion for rule on the Clerk of the Arkansas Court of Appeals in which you explain the reasons for the late tender of the record and request that the appeal be lodged. If you elect to file such a motion, you may mail it directly to this office to be filed. *Please complete the enclosed affidavit of indigency and submit it with the motion.*

*Id.* (emphasis added).

On January 13, 2020, United States District Judge Susan Webber Wright adopted my Recommended Disposition dismissing Ashley's September 6, 2019 habeas Petition, without prejudice, because he had not exhausted his still available state court remedies. *Ashley II at docs. 30, 32 and 33*.

---

[5] Ark. R. App. P.-Crim. 4(b).

[6] According to Rule 4(a), before a trial court can extend the time for lodging the record on appeal, four things must happen: (1) the appellant must file a motion for extension of time; (2) notice of the motion must be given to the appellee; (3) the parties must have the opportunity to be heard; and (4) the trial court must make findings to support an extension of the time for lodging the record. Because all four parts of this rule were violated in the way Judge Arnold entered his Order, it was not unreasonable for the Criminal Justice Coordinator to reach the legal conclusion that it was *not* "an effective order."

While I have serious doubts about whether the Criminal Justice Coordinator had the legal authority to decide that issue, it was up to Ashley to file a Motion for Rule on the Clerk of the Arkansas Court of Appeals challenging the refusal of the Clerk to lodge the record.

On January 15, 2020, Ashley filed a Notice of Appeal in the United States Court of Appeals for the Eighth Circuit. *Ashley v. Payne*, Case No. 20-1103 (8th Cir.). To date, that appeal remains pending.

On or about January 20, 2020, Ashley filed a Motion for Rule on the Clerk of the Arkansas Court of Appeals.[7] On January 28, 2020, the Office of the Criminal Justice Coordinator for the Arkansas Supreme Court sent Ashley a letter returning his Motion because he failed to include the *required* Affidavit of Indigency, which the Criminal Justice Coordinator's January 13, 2020 letter explicitly told Ashley *he must file*, along with his Motion for Rule on the Clerk. According to the publicly available record, Ashley has not refiled his Motion for Rule on the Clerk, with the required Affidavit of Indigency.

On February 26, 2020, Ashley initiated this habeas action, which challenges the same conviction and sentence, on essentially the same grounds he raised in *Ashley II*, which is now pending on appeal before the Eighth Circuit.

## II. Discussion

In Ashley's current habeas Petition, he asserts the following claims:

Claim 1: The trial judge coerced Ashley into pleading guilty to being a felon in possession of a firearm by threatening to shoot him. *Doc. 2 at 125*.

---

[7] Because Ashley's Motion for Rule on the Clerk is not part of the record in this case, I have used the dates of other related documents that are in the record to make an educated guess that Ashley probably filed his Motion for Rule on the Clerk on or about January 20, 2020.

> Claim 2: Ashley's 5-year sentence of probation and subsequent 15-year prison sentence are illegal because the trial judge considered the previously *nolle prossed* battery charge in determining his sentences *and* because he was charged with possessing the same gun in two different cases. *Id. at 126*.
>
> Claim 3: The trial judge sexually assaulted him "in the courthouse bathroom on July 3rd, 2019, immediately prior to the probation revocation hearing." *Id. at 155*.
>
> Claim 4: The State's petition for probation revocation and resulting sentencing order are "'illegal', 'erred', & 'unconstitutional' upon their face." *Id. at 163*.

On March 30, 2020, Respondent filed a Response arguing that Ashley's habeas claims should be dismissed, without prejudice, because they are duplicative of the claims he raised in *Ashley II*, and because Ashley has not exhausted his still available remedies in state court. *Doc. 7*. Because both of Respondent's arguments have merit, I recommend that this habeas action be dismissed, without prejudice.

### A.  As a Matter of Law, Ashley Should Not Be Allowed to Proceed With This Duplicative Litigation.

In *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-954 (8th Cir. 2001), the Court held that "Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time." Ashley's current habeas Petition challenges the *same* 2018 conviction, 2019 probation revocation, and resulting sentence which is *currently pending* before the Eighth Circuit. *Ashley v. Payne*, Case No. 20-1103 (8th Cir.). Because this habeas action constitutes duplicative litigation, it should be dismissed, without prejudice.

7

### B. Ashley Has Failed to Exhaust His Available Remedies in State Court.

A federal habeas petitioner is required to exhaust all available avenues of relief in the state court *before* a federal court considers his habeas claims. 28 U.S.C. § 2254(b) & (c). State remedies are not fully exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." *Id*. § 2254(c). A claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993).[8]

On January 13, 2020, this Court dismissed Ashley's almost identical § 2254 habeas action, and directed him to complete the exhaustion of his direct appeal to the Arkansas Court of Appeals. *Ashley II at doc. 32*. To date he has failed to do that.

As previously explained, on January 13, 2020, the Criminal Justice Coordinator for the Arkansas Supreme Court sent a letter to Ashley advising him

---

[8] Compliance with the exhaustion requirement may be excused only if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). State prisoners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 833, 845 (1999). Thus, before seeking federal habeas relief for any alleged violations of his federal constitutional rights, Ashley must "complete [one] round of the State's established appellate review process."

that the Clerk of the Arkansas Court of Appeals had declined to lodge the record, in his direct appeal of his conviction and sentence, because it was not tendered within ninety days of his Notice of Appeal. Ashley was further advised that: "If you wish to pursue the appeal, you may file in the Arkansas Court of Appeals a motion for rule on the Clerk of the Arkansas Court of Appeals . . . [and] an affidavit of indigency." *Doc. 2 at 40*.

On January 28, 2020, after Ashley submitted a Motion for Rule on the Clerk of the Arkansas Court of Appeals, *without* the required Affidavit of Indigency. The Criminal Justice Coordinator sent him another letter explaining that his Motion could not be filed because it lacked the Affidavit of Indigency. *Doc. 7-3*. To date, Ashley still has not filed a Motion for Rule on the Clerk, a step that he *must take* in order to exhaust his still available state court remedies.[9]

Similarly, Ashley's habeas claim that the trial judge threatened to shoot him, if he did not plead guilty to the underlying felony in *Ashley I*, can be pursued in a Petition for Writ of Error Coram Nobis.[10] *See Carroll v. State*, 2020 Ark. 160, 6-7

---

[9] In *Johnson v. State*, 342 Ark. 709, 30 S.W.3d 715 (2000), the Court held that a Motion for Rule on the Clerk can be submitted by an appellant *at any time*. Accordingly, this remedy is still available to Ashley as an avenue to revive his direct appeal in *Ashley I*.

[10] A writ of error coram nobis is a rare remedy available to address four narrow categories of error related to: (1) a criminal defendant's insanity at the time of trial; (2) a coerced guilty plea; (3) material evidence withheld by the prosecutor; or (4) a third-party confession to the crime during the time between conviction and appeal. *French v. State*, 2019 Ark. 388, 3, 589 S.W.3d 373, 375-376 (citing *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38).

(2020) (a writ of error coram nobis is available to correct a guilty plea that was coerced through fear, duress, or threats of mob violence). While a petitioner seeking coram nobis relief is required to demonstrate due diligence, there is no specific time limit for seeking such a writ. *See Weekly v. State*, 2014 Ark. 365, 440 S.W.3d 341 (2014).

Finally, to the extent Ashley claims his sentence is *illegal on its face*, Ark. Code Ann. § 16-90-111 gives the trial judge authority to correct it *at any time*. *McArty v. State*, 2020 Ark. 68, 6, 594 S.W.3d 54, 58 (2020) (citing Ark. Code Ann. § 16-90-111(a); *Swift v. State*, 2018 Ark. 74, 540 S.W.3d 288). If Ashley's Motion for Rule on the Clerk is denied, he can challenge his allegedly "illegal sentence" by filing an appropriate motion with the trial court pursuant to Ark. Code Ann. § 16-90-111.

Accordingly, because Ashley still has available state court remedies that he has not yet exhausted, this habeas action should also be dismissed, without prejudice, on that ground.[11]

---

The general rule is that, when a conviction is entered on a plea of guilty or when the conviction is not appealed, a petition for writ of error coram nobis is filed directly in the trial court. *Noble v. State*, 2015 Ark. 141, 5, 460 S.W.3d 774, 778 (2015). However, once the record is lodged with the appellate court, the petitioner must petition the Arkansas Supreme Court to reinvest jurisdiction in the trial court because the writ of error coram nobis lies to correct a judgment by the court that rendered it. *Id*.

[11] The "stay and abeyance" option is not appropriate in this case. *See Rhines v. Weber*, 544 U.S. 269, 277-279 (2005) (approving the use of the "stay and abeyance" procedure for "mixed petitions"); *see also Birts v. Ark. Attorney Gen.*, 2:13CV00129-KGB, 2014 WL 2803291, at 2 (E.D. Ark. June 13, 2014) ("[I]t appears that the "stay and abeyance" procedure only applies to

### III. Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner Ricky Ashley's § 2254 habeas Petition be DISMISSED, without prejudice.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED.

DATED this 19th day of May, 2020.

                                            _____
                                            UNITED STATES MAGISTRATE JUDGE

---

"mixed petitions," that is, petitions containing both exhausted and unexhausted claims, and in limited circumstances."); *Meeks v. Cassady*, 4:15CV16-AGF, 2015 WL 1202530, at 1 (E.D. Mo. March 16, 2015) (stating petitioner could not utilize the "stay and abeyance" procedure because all of his claims were unexhausted).